## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON DEAN VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1080-SRW |
| | ) | |
| DR. UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Clifton Dean Vance for leave to commence this civil action without prepaying fees or costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will give Plaintiff the opportunity to file an amended complaint, and will deny without prejudice his motion seeking the appointment of counsel, ECF No. 3.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement in support of the instant motion, but he did file correspondence indicating that he had recently been transferred to a different facility. *See* ECF No. 5. The Court will therefore not direct Plaintiff to submit an account statement at this time, and will instead assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The

2

court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against three defendants in their official and individual capacities: (1) Dr. Unknown; (2) Dr. Lymann; and (3) Nurse Kristy Unknown. At the time of the events giving rise to Plaintiff's claims, he was incarcerated at the Warren County Jail in Warrenton, Missouri. In the section of the form complaint designated to indicate his prisoner status, Plaintiff checked the boxes for both 'pretrial detainee' and 'convicted and sentenced federal prisoner.'

Plaintiff alleges the following in its entirety:

(1) I am a federal inmate waiting to be transferred to federal prison and I have been here for 2 years. In those 2 years I have put in numerous medical requests to see a psych doctor about my meds and talk about my problems and also put numerous

medical requests to get a covid shot. I have been denied on both issues and have filed a couple grievances and nothing has been done about it.

(2) Between October 2020 till October 2022.

(3) Warren County Jail [address omitted]

(4) I have PTSD, bipolar d[e]pression, ADHD and anxiety and I have not seen a psych doctor since I've been here and I still haven't received a covid vaccine. I have suffered from depression, anxiety, not being able to sleep, mood swings, stress, loss of appetit[]e and reclusiveness.

(5) They refused me psychiatric treatment and a covid vaccine.

ECF No 1 at 3-4.

Plaintiff alleges the injuries he sustained include "paranoia, loss of weight, insomnia, reclusiveness, [and] low morale." *Id.* at 4. For relief, he seeks treatment for his psychological issues, receipt of a covid vaccination, and punitive damages in the amount of $5,000. *Id.* at 5.

## Discussion

The Court is concerned about Plaintiff's allegations; however, this action is subject to dismissal. Plaintiff's claims against Defendants in their official capacities are the equivalent of claims against their employer, the Warren County Jail. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a government official in his official capacity is the equivalent of naming the government entity that employs him). Warren County Jail is not an entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as sheriff's departments and police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Additionally, the complaint contains no allegations that would state a municipal liability claim. *See Monell v.*

*Department of Social Services*, 436 U.S. 658, 690-91 (1978). Consequently, Plaintiff's complaint is legally frivolous and/or fails to state a claim against Defendants in their official capacities who all appear to be employees of the Jail.

As to Plaintiff's individual capacity claims, he alleges he has been denied psychiatric treatment for "PTSD, bipolar d[e]pression, ADHD and anxiety," but fails to state any supporting facts, including who denied him, how he was denied, and when he was denied. If Plaintiff wishes to sue Defendants in their individual capacities, Plaintiff must allege facts connecting each Defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983).

"It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who , what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). Plaintiff's allegations, without any additional facts, are simply too vague and conclusory to permit the inference that Defendants were deliberately indifferent to a serious medical need.

**Instructions for Filing an Amended Complaint**

In consideration of Plaintiff's self-represented status, the Court will give Plaintiff the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the names of the persons he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. In the section of the form complaint provided to identify the defendants, Plaintiff must specify whether he names each defendant in an individual capacity, an official capacity, or both. Plaintiff is permitted to attach additional pages, if necessary, to list each defendant named in the Caption and specify: (1) the person's job title; and (2) what capacity he is suing the person. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim or claims.

Fictitious parties, such as "John Doe, "Jane Doe," or "Unknown" may not generally be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, an action may proceed against a party whose name is unknown if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Therefore, to avoid dismissal of

6

any fictitious and/or unknown parties, Plaintiff's allegations must provide enough facts to enable the identification of that fictitious defendant during discovery.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

It is important that Plaintiff allege facts explaining how each Defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each Defendant, so that the Defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

### Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. ECF No. 3. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself or investigating the facts and presenting his claims, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Additionally, Plaintiff has yet to file a complaint that survives review under 28 U.S.C. § 1915(e)(2)(B). However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 29th day of November, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE