## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON DEAN VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1080-SRW |
| | ) | |
| DR. UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by self-represented Plaintiff Clifton Dean Vance. ECF No. 7. For the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On October 11, 2022, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against three defendants in their official and individual capacities: (1) Dr. Unknown; (2) Dr. Lymann; and (3) Nurse Kristy Unknown. ECF No. 1. At the time of the events giving rise to Plaintiff's claims, he was incarcerated at the Warren County Jail in Warrenton, Missouri. Plaintiff alleged the following in its entirety:

> (1) I am a federal inmate waiting to be transferred to federal prison and I have been here for 2 years. In those 2 years I have put in numerous medical requests to see a psych doctor about my meds and talk about my problems and also put numerous medical requests to get a covid shot. I have been denied on both issues and have filed a couple grievances and nothing has been done about it.
>
> (2) Between October 2020 till October 2022.
>
> (3) Warren County Jail [address omitted]

(4) I have PTSD, bipolar d[e]pression, ADHD and anxiety and I have not seen a psych doctor since I've been here and I still haven't received a covid vaccine. I have suffered from depression, anxiety, not being able to sleep, mood swings, stress, loss of appetit[]e and reclusiveness.

(5) They refused me psychiatric treatment and a covid vaccine.

ECF No 1 at 3-4.

Plaintiff alleged the injuries he sustained included "paranoia, loss of weight, insomnia, reclusiveness, [and] low morale." *Id.* at 4. For relief, he sought treatment for his psychological issues, receipt of a covid vaccination, and punitive damages in the amount of $5,000. *Id.* at 5.

On November 29, 2022, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal. ECF No. 6. First, the Court explained that an official capacity claim against an individual is actually against the governmental entity itself. Because Plaintiff did not allege Warren County had an unconstitutional policy or custom, his official capacity claims failed. Second, as to Plaintiff's individual capacity claims, he failed to state any facts to support medical deliberate indifference, including who denied him, how he was denied, and when he was denied.

In consideration of Plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies. The Court provided detailed instructions on how to format his complaint, including how to properly allege claims against individual defendants.

**Amended Complaint**

On December 27, 2022, Plaintiff filed his amended complaint. ECF No. 7. Although the Court had explicitly instructed Plaintiff to write the names of the persons he intends to sue in the "Caption" section of the form complaint and avoid naming unknown individuals, he writes, "Dr.

3

Unknown, et al." *Id.* at 1. He later indicates he intends to sue "Kristy (Last Name Unknown)" and "Dr. (Unknown) (Multiple)." *Id.* at 2-3.

In the section designated to write his statement of claim, Plaintiff indicates he was diagnosed at 12 years of age with ADHD, depression, bi-polar disorder, and anxiety disorder. *Id.* at 3. He states he was prescribed various prescription medications, but stopped taking them because he did not have parental supervision. Plaintiff asserts he medicated himself with illegal substances causing subsequent incarceration. While housed at the Warren County Jail, Plaintiff alleges he "determined that [he] did not . . . want to see [his] life destroye[]d" by "illegal drug use" and "expressed this to the medical and psych department via an internal digital request by the system available at the kiosk in the housing unit." *Id.* He states he "requested to see a psych doctor for counseling and exam to discern and discover what meds [he] might need, or otherwise any treatment [he] might also be in need of." *Id.* Plaintiff alleges he was told his request was "passed along" to medical. His statement of claim implies that he did not receive the appointment he requested.

Plaintiff describes his injuries as an imbalance in his brain chemistry. *Id.* at 4. For relief, he seeks punitive damages in the amount of $50,000. *Id.* at 5.

## Discussion

The Court has carefully reviewed Plaintiff's amended complaint and has determined it fails to state a claim. As such, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The Court has already explained to Plaintiff in its previous Memorandum and Order that fictitious parties such as "John Doe, "Jane Doe," or "Unknown" may not be named as defendants in a civil action unless the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Phelps v. United States*, 15 F.3d 735, 739

(8th Cir. 1994); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff's allegations do not provide enough facts to enable the identification of "multiple" "unknown" defendant doctors.

Plaintiff also fails to identify what these multiple doctors and Nurse Kristy Unknown did or did not do to violate his constitutional rights. The Court instructed Plaintiff to amend his complaint to allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See* ECF No. 6 at 7 (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff did not, however, provide any such information.

To prove deliberate indifference, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second subjective requirement compels the inmate to show that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. That is, a plaintiff must show that the defendant acted or failed to act with deliberate indifference to the plaintiff's health or safety. *Id.* at 837 (explaining a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Negligence is insufficient to demonstrate deliberate indifference. *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998). In short, a prison official is deliberately indifferent if he or she "knows of and disregards . . . a substantial risk to an inmate's health or safety." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

Here, Plaintiff alleges he submitted what appears to be a non-emergency request for a medical evaluation via a kiosk in the housing unit. When he followed up on his kiosk submission, Plaintiff was told by an unidentified individual that his request was "passed along." Plaintiff does not assert that any of the Defendants actually knew of his request, were aware he was suffering

5

from any psychological issues, or that they intentionally declined to treat him. Consequently, Plaintiff's allegations against Defendants simply do not rise to the level of deliberate indifference as he fails to demonstrate they knew of a serious medical need and disregarded that need. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) ("deliberate indifference requires a highly culpable state of mind approaching actual intent."); *Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). Thus, Plaintiff's allegations, without any additional facts, are simply too vague and conclusory to permit the inference that defendants were deliberately indifferent to a serious medical need.

Plaintiff has also failed to properly allege official capacity claims against the Defendants. An official capacity claim is equivalent to a claim brought against the individual's employer. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a government official in his official capacity is the equivalent of naming the government entity that employs him). However, Warren County Jail is not an entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as sheriff's departments and police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Additionally, the complaint contains no allegations that would state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff does not allege that a policy or custom of Warren County was responsible for the alleged delay in medical treatment. Thus, Plaintiff's complaint is

legally frivolous and/or fails to state a claim against Defendants in their official capacities who are all alleged to be employees of the Jail.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of January, 2023.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE